Const. 1895, art. 13, § 5, which provides that no public officer shall ask or receive "for his own use and benefit" any free pass, does not prohibit the railroad commissioners, in the discharge of their official duties, from traveling on passes signed by the secretary of state, requiring railroad companies to carry them without charge, as provided by Laws 1882, c. 353.

Application by the board of railroad commissioners for a writ of mandamus to determine right to compel railroad companies to carry officers and agents of the railroad commission on passes signed by the secretary of state.   Granted.

John D. McMahon, for the motion.

W. E. Kisselburgh, Jr., Dep. Atty. Gen., opposed.

PARKER, J.   By chapter 353 of the Laws of 1882 the legislature created a board of railroad commissioners, and defined and regulated its powers and duties.   In addition, it assumed by that act the authority to assess upon the railroads of this state a sum not to exceed $50,000 a year to defray the salaries of the commissioners, and pay the necessary expenses of the board.   By the same act it undertook to provide that, in addition to the $50,000, the actual and necessary cost of transportation upon all railroads actually visited or inspected by the commissioners, their officers, clerks, experts, and agents in the course of a due performance of the duties enjoined by law should be borne by the railroads so visited or inspected.   To accomplish this result the statute provided that—

"In the discharge of the duties of their office they should be transported over the several railroads in the state of New York free of charge, upon passes signed by the secretary of state; they may employ and take with them experts or other agents whose services they may deem to be temporarily of importance, and who shall also be transported while on such duty, free of charge, upon passes signed by the secretary of state."

From the time of the appointment of the railroad commissioners, under the act referred to, down to January 2, 1895, the commissioners have proceeded in the discharge of the duties by law commanded; the sums necessary to pay the expenses of the board, not exceeding $50,000 a year, have been assessed upon the several railroads in this state by the comptroller, and the assessments paid; the secretary of state has issued such passes, in pursuance of the act, as the railroad commissioners have requested, and the passes have been recognized by the railroads affected by them.   But the application made to the secretary of state January 2, 1895, to issue passes in accordance with the statute, was refused, the reason assigned being that section 5 of article 13 of the constitution of the state of New York, which went into effect January 1, 1895, prohibits the issuing of such passes.   It reads:

"No public officer, or person elected or appointed to a public office, under the laws of this state, shall directly or indirectly ask, demand, accept, receive or consent to receive for his own use or benefit, or for the use or benefit of another, any free pass, free transportation, franking privilege or discrimination in passenger, telegraph or telephone rates from any person or corporation, or make use of the same himself or in conjunction with another."

In view of the statute to which we have referred, the limitation of the provision commanding a public officer not to accept or receive a pass or free transportation "for his own use or benefit" is significant.   The office of the word "own," when following a possessive pronoun, is to emphasize or intensify the idea of peculiar or personal interest.   It suggests, what was undoubtedly the intention of the framers of this constitutional provision, that the practice of giving passes to public officers for their individual use, and to save them from personal expense, should be stopped; but the power of the legislature to provide for the necessary traveling and other expenses of public officers while engaged in public business should

not be abridged. This provision of the constitution must not only be construed in the light of existing public statutes, but it will be presumed that it was drafted with full recognition of them. Section 168 of the general railroad law provided that neither the railroad commissioners, nor their secretary, clerks, agents, employès, or experts should accept, receive, or request any pass from any railroad in this state for themselves or for any other person. Section 169, on the other hand, declared that such officers, in the discharge of their official duties, should be transported over the railroads of this state free of charge, upon passes signed by the secretary of state. In short, the statute prohibited the public officers named from accepting passes for their own use, but authorized them to use a pass issued by the secretary of state for the public use. So this provision of the constitution prohibits these as well as all other public officers from accepting free passes for their own use or benefit, but it does not prohibit them from accepting passes from the secretary of state providing for their transportation while engaged in public business, as it certainly would do if it were intended to annul the provision of section 169 relating to that subject. Other reasons might be presented tending to show that the provisions of section 169 are not condemned by the section of the constitution relating to passes, but, as the one given seems to be fully adequate, a further discussion will not be indulged. A peremptory writ of mandamus will issue. Application granted.